IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CELSO STEPHENS,

    Plaintiff,

v.                                          No. CIV 14-0237 MV/KK

DEPARTMENT OF CORRECTIONS,
DENISE GONZALES,
VINCENT VIGIL,
MICHELLE BOUER,
RANDY L. WILLIAMS,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Also before the Court is Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 13). At this stage of the litigation, the Court's leave to amend is not required, *see* Fed. R. Civ. P. 15(a), and the motion will be denied as moot. The original and proposed amended complaints are construed together as the complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Plaintiff's complaint will be dismissed, with leave to amend.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)

(quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff's original complaint alleges that certain of Plaintiff's personal property was lost or confiscated when officials transferred him to the Penitentiary of New Mexico. His grievances were ignored or denied without investigation. In his amended complaint, Plaintiff restates his allegations of improper denial of grievances and adds two claims under the Eighth Amendment that arose while he was confined at the Western New Mexico Correctional Facility. In support of these claims, he alleges that continual leaks of "dirty/smelly water" from the roof and the bottom of his cell's toilet "would completely flood [his] cell." Staff denied his requests for gloves and cleaning supplies, and these incidents caused him pain and suffering. Furthermore, "to this day, Plaintiff is not receiving proper medical care." The complaints seek damages and certain equitable relief.

No relief is available on Plaintiff's claims against Defendant [New Mexico] Department of Corrections. As a state agency, the Department is not a " 'person[]' within the reach of § 1983. In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' " *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64 (1989)); *cf. Jones v. Courtney*, 466 F. App'x 696, 702 (10th Cir. 2012) (affirming denial of execution of judgment against a state corrections department on Eleventh Amendment grounds). Because the Department of Corrections is not a

"person" for purposes of § 1983, the Court will dismiss Plaintiff's claims against this Defendant.

Plaintiff's allegations in the original complaint do not support claims for relief under § 1983. The resolution of Plaintiff's claim that Defendants confiscated his property is governed by the Supreme Court's holdings in *Parratt v. Taylor*, 451 U.S. 527 (1981), and *Hudson v. Palmer*, 468 U.S. 517 (1984), which addressed the elements necessary to sustain a constitutional claim that the state has deprived an inmate of property without due process. In *Parratt* and *Hudson*, the Supreme Court held that where a pre-deprivation hearing was impossible or impractical because the state could not control the random actions of state employees in losing or destroying property, the deprivation was not complete until the State failed or refused to provide an adequate post-deprivation remedy. *See Parratt*, 451 U.S. at 538-39; *Hudson*, 468 U.S. at 534.

Here, as in *Hudson*, 468 U.S. at 534, state tort remedies are available to redress Plaintiff's alleged deprivation, and thus his due process rights were not violated even if the confiscation was intentional. Plaintiff's allegations do not fall under the related rule that a § 1983 claim may be stated if a property deprivation is "not 'random and unauthorized' but pursuant to 'an affirmatively established or de facto policy, procedure, or custom.' " *Abbott v. McCotter*, 13 F.3d 1439, 1442 n.3 (10th Cir. 1994) (quoting *Gillihan v. Shillinger*, 872 F.2d 935, 939-40 (10th Cir. 1989)). Plaintiff's allegations of unauthorized confiscation of his property do not invoke the protections of the Due Process Clause, and the Court will dismiss this claim.

Nor does Plaintiff state a constitutional claim by alleging that Defendants ignored and improperly denied his grievances.

> [T]here is no independent constitutional right to state administrative grievance procedures. Nor does the state's voluntary provision of an administrative grievance process create a liberty interest in that process. Instead, "[w]hen the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to

> the courts, which is not compromised by the prison's refusal to entertain his grievance." Consequently, any alleged deprivation of the prison grievance process here failed to implicate [Plaintiff]'s right of access to the courts, and the district court was therefore correct to dismiss the . . . complaint for failure to state a claim.

*Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011) (citing *See Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (observing that inmates have no constitutionally protected liberty interest in access to prison grievance procedure); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) ("A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest."); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam)). The Court will dismiss Plaintiff's claims of violations of prison grievance procedures.

In his amended complaint, Plaintiff restates his allegations of violations of grievance procedures and asserts two claims under the Eighth Amendment that arose during his confinement at Western New Mexico Correctional Facility. Given a liberal construction, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam), the allegation that continual leaks of "dirty/smelly water" from the roof and the bottom of a toilet "would completely flood [his] cell" may state a claim of unconstitutional conditions. *Cf., e.g., McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001). On the other hand, he fails to identify a Defendant who allegedly subjected him to the conditions. Likewise, Plaintiff's allegation of denial of proper medical care does not identify a " 'serious medical need' sufficient to state a constitutional violation," *see Barron v. Pohlman*, 122 F. App'x 416, 419 (10th Cir. 2005), or a Defendant who has denied treatment.

As the Court of Appeals for the Tenth Circuit has stated, "to present a plausible right to relief . . . , it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008)

(internal citations omitted).   Plaintiff's allegations do not state Eighth Amendment claims against any Defendant.   His complaints will be dismissed with leave to file an amended complaint setting out factual allegations in support of his Eighth Amendment claims and identifying the individuals who subjected him to these alleged deprivations.   Failure to sufficiently comply with this Order may result in dismissal of this action.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 13) is DENIED as moot;

IT IS FURTHER ORDERED that Plaintiff's original and amended complaints (Docs. 1, 13) are DISMISSED; the named Defendants are DISMISSED as parties to this action; and, within fourteen (14) days from entry of this Order, Plaintiff may file an amended complaint with factual allegations in support of his Eighth Amendment claims and identifying individual Defendants.

_____
UNITED STATES DISTRICT JUDGE